1  Peter G. Bertling [S.B. #131602]
   Jemma Parker Saunders [S.B. #227962]
2  Bertling Law Group, Inc.
   15 West Carrillo Street, Suite 104
3  Santa Barbara, CA 93101
   Telephone: 805-879-7558
4  Facsimile: 805-962-0722
   peter@bertlinglawgroup.com
5  jemma@bertlinglawgroup.com

6  Attorneys for Defendant
7  CALIFORNIA FORENSIC MEDICAL GROUP, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE STEEL, and BABY H, a minor by and through CANDACE STEEL,<br>                    Plaintiffs,<br><br>v.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, GREGORY J. AHERN, BRETT M. KETELES, TOM MADIGAN, T. POPE, T. RUSSELL, D. SKOLDQVIST, LT. HATTAWAY, SGT. CALAGARI, SADIE DIVINE (#512), DEBRA FARMANIAN, ERICA WEATHERBEE (#238), MONICA POPE, DEPUTY WINSTEAD, KYA CAINE, DEPUTY BOCANEGRA, ALAMEDA COUNTY and John & Jane DOEs, Nos. 1-50.<br>**and,**<br>**The CALIFORNIA FORENSIC MEDICAL GROUP,** a corporation; its Employees and Sub-Contractors, and Rick & Ruth ROEs Nos. 1-50,<br>                    Defendants. | Case No. 3-18-CV-05072-JD<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Action Filed: August 20, 2018<br>Judge: Hon. James Donato |

3:18-cv-05072-JD

- 1 -
**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

COMES NOW Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") in response to Plaintiffs' First Amended Complaint answers, alleges and pleads as follows:

### JURISDICTION

1.  Defendant admits this Court has jurisdiction over this matter.

2.  Defendant admits this Court has jurisdiction over this matter.

3.  Defendant admits this Court has supplemental jurisdiction over this matter.

### VENUE AND INTRADISTRICT ASSIGNMENT

4.  Defendant admits venue is proper for this matter, and Defendant admits the San Francisco/Oakland district is the proper division of the Northern District Court for this case.

### JURY DEMAND

5.  Defendant acknowledges plaintiffs' demand for jury trial.

### PARTIES

6.  Defendant admits the allegations of paragraph 6 of plaintiffs' First Amended Complaint.

7.  Defendant can neither admit nor deny the allegations contained in paragraph 7 of plaintiffs' First Amended Complaint based on lack of information.

8.  Defendant admits defendant AHERN was the Sheriff of Alameda County. Defendant can neither admit nor deny the remainder of the allegations of paragraph 8 of plaintiffs' First Amended Complaint based on lack of information.

### The ASCO Defendants

9.  Defendant can neither admit nor deny BRETT M. KETELES at all times relevant to this Complaint was the Assistant Sheriff of Alameda County is charge of the Detentions and Corrections Unit ("DCU").  Defendant can neither admit nor deny the

**3:18-cv-05072-JD**

- 2 -
**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

remainder of the allegations of paragraph 9 of plaintiffs' First Amended Complaint based on lack of information.

10.     Defendant can neither admit nor deny that TOM MADIGAN at all times relevant to this Complaint was the Commander in Charge of DCU which includes Santa Rita Jail.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 10 of plaintiffs' First Amended Complaint based on lack of information.

11.     Defendant can neither admit nor deny T. RUSSELL at all times relevant to this Complaint was the Detention and Corrections Commander of ACSO.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 11 of plaintiffs' First Amended Complaint based on lack of information.

12.     Defendant can neither admit nor deny D. SKOLDQVIST at all times relevant to this Complaint was the Watch Commander for Santa Rita Jail.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 1w2 of plaintiffs' First Amended Complaint based on lack of information.

13.     Defendant can neither admit nor deny Deputies DIVINE, FARMANIAN, WEATHERBEE, POPE, WINSTEAD, CAINE, BOCANEGRA, Deputy 'A', and Deputy "S" were guards and deputies on duty at Santa Rita Jail with direct control over plaintiffs. Defendant can neither admit nor deny the remainder of the allegations of paragraph 13 of plaintiffs' First Amended Complaint based on lack of information.

14.     Defendant can neither admit nor deny denies the allegations of paragraph 14 of plaintiffs' First Amended Complaint based on lack of information.

## The CFMG Defendants

15.     Defendant admits CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") is an active, domestic, for-profit corporation incorporated in the State of California with its principal place of business in San Diego, California.  Defendant admits it contracts with Alameda County to provide medical care to inmates in the Santa

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

Rita Jail.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 15 of plaintiffs' First Amended Complaint based on lack of information.

## STATEMENT OF FACTS

16.     Defendant can neither admit nor deny the allegations of paragraph 16 of plaintiffs' First Amended Complaint based on lack of information.

17.     Defendant can neither admit nor deny the allegations of paragraph 17 of plaintiffs' First Amended Complaint based on lack of information.

18.     Defendant can neither admit nor deny the allegations of paragraph 18 of plaintiffs' First Amended Complaint based on lack of information.

19.     Defendant can neither admit nor deny the allegations of paragraph 19 of plaintiffs' First Amended Complaint based on lack of information.

20.     Defendant can neither admit nor deny the allegations of paragraph 20 of plaintiffs' First Amended Complaint based on lack of information.

21.     Defendant can neither admit nor deny the allegations of paragraph 21 of plaintiffs' First Amended Complaint based on lack of information.

22.     Defendant admits that it provides comprehensive medical care to the inmates of Santa Rita Jail.  Defendant denies the remainder of the allegations of paragraph 22 of plaintiffs' First Amended Complaint.

23.     Defendant admits arrangements for payments are made for inpatient and outpatient treatment following booking.  Defendant denies the remainder of the allegations of paragraph 23 of plaintiffs' First Amended Complaint based on lack of information.

24.     Defendant admits arrangements for payments are made for inpatient and outpatient treatment following booking.  Defendant denies the remainder of the allegations of paragraph 24 of plaintiffs' First Amended Complaint based on lack of information.

3:18-cv-05072-JD

- 4 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

25.     Defendant admits arrangements for payments are made for inpatient and outpatient treatment following booking.  Defendant denies the remainder of the allegations of paragraph 25 of plaintiffs' First Amended Complaint based on lack of information.

26.     Defendant denies the allegations of paragraph 26 of plaintiffs' First Amended Complaint.

27.      Defendant denies the allegations of paragraph 27 of plaintiffs' First Amended Complaint.

28.     Defendant denies the allegations of paragraph 28 of plaintiffs' First Amended Complaint.

29.     Defendant admits that it provides comprehensive medical care to the inmates of Santa Rita Jail.  Defendant denies the remainder of the allegations of paragraph 29 of plaintiffs' First Amended Complaint

30.     Defendant denies the allegations of paragraph 30 of plaintiffs' First Amended Complaint based on lack of information.

31.     Defendant denies the allegations of paragraph 31 of plaintiffs' First Amended Complaint.

32.     Defendant denies the allegations of paragraph 32 of plaintiffs' First Amended Complaint.

33.      Defendant denies the allegations of paragraph 33 of plaintiffs' First Amended Complaint based on lack of information.

34.     Defendant denies the allegations of paragraph 34 of plaintiffs' First Amended Complaint based on lack of information.

///

///

///

3:18-cv-05072-JD

- 5 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

**CFMG Forced Plaintiff Steel to Give Birth In An Isolation Cell At The Jail**

35.    Defendant admits plaintiff was an inmate in the Santa Rita Jail.  Defendant denies the remainder of allegations of paragraph 35 of plaintiffs' First Amended Complaint based on lack of information.

36.    Defendant can neither admit nor deny the allegations of paragraph 36 of plaintiffs' First Amended Complaint based on lack of information.

37.    Defendant can neither admit nor deny the allegations of paragraph 37 of plaintiffs' First Amended Complaint based on lack of information.

38.    Defendant can neither admit nor deny the allegations of paragraph 38 of plaintiffs' First Amended Complaint based on lack of information.

39.    Defendant can neither admit nor deny the allegations of paragraph 39 of plaintiffs' First Amended Complaint based on lack of information.

40.    Defendant can neither admit nor deny the allegations of paragraph 40 of plaintiffs' First Amended Complaint based on lack of information.

41.    Defendant can neither admit nor deny the allegations of paragraph 41 of plaintiffs' First Amended Complaint based on lack of information.

42.    Defendant can neither admit nor deny the allegations of paragraph 42 of plaintiffs' First Amended Complaint based on lack of information.

43.    Defendant can neither admit nor deny the allegations of paragraph 43 of plaintiffs' First Amended Complaint based on lack of information.

44.    Defendant can neither admit nor deny the allegations of paragraph 44 of plaintiffs' First Amended Complaint based on lack of information.

45.    Defendant denies the allegations of paragraph 45.

46.    Defendant admits plaintiff verbalized experiencing contractions, and defendant admits the remainder of the allegations of paragraph 46 of plaintiffs' First Amended Complaint.

3:18-cv-05072-JD

- 6 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

47.     Defendant can neither admit nor deny the allegations of paragraph 47 of plaintiffs' First Amended Complaint based on lack of information.

48.     Defendant can neither admit nor deny the allegations of paragraph 48 of plaintiffs' First Amended Complaint based on lack of information.

49.     Defendant can neither admit nor deny the allegations of paragraph 49 of plaintiffs' First Amended Complaint based on lack of information.

50.     Defendant can neither admit nor deny the allegations of paragraph 50 of plaintiffs' First Amended Complaint based on lack of information.

51.     Defendant can neither admit nor deny the allegations of paragraph 51 of plaintiffs' First Amended Complaint based on lack of information.

52.     Defendant admits a CFMG nurse examined plaintiff in the Housing Unit. Defendant can neither admit nor deny the remainder of the allegations of paragraph 52 of plaintiffs' First Amended Complaint based on lack of information.

53.     Defendant can neither admit nor deny the allegations of paragraph 53 of plaintiffs' First Amended Complaint based on lack of information.

54.     Defendant can neither admit nor deny the allegations of paragraph 54 of plaintiffs' First Amended Complaint based on lack of information.

55.     Defendant can neither admit nor deny the allegations of paragraph 55 of plaintiffs' First Amended Complaint based on lack of information.

56.     Defendant can neither admit nor deny the allegations of paragraph 56 of plaintiffs' First Amended Complaint based on lack of information.

57.     Defendant can neither admit nor deny the allegations of paragraph 57 of plaintiffs' First Amended Complaint based on lack of information.

58.     Defendant admits plaintiff gave birth in Santa Rita Jail.  Defendant denies the remainder of the allegations of paragraph 58 based on lack of information.

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

59.     Defendant can neither admit nor deny the allegations of paragraph 59 of plaintiffs' First Amended Complaint based on lack of information.

60.     Defendant can neither admit nor deny the allegations of paragraph 60 of plaintiffs' First Amended Complaint based on lack of information.

### Applicable Community Standards

61.     Defendant denies the allegations of paragraph 61 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 61 as to any other defendant.

62.     Defendant denies the allegations of paragraph 62 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 62 as to any other defendant.

63.     Defendant denies the allegations of paragraph 63.

64.     Defendant denies the allegations of paragraph 64.

65.     Defendant denies the allegations of paragraph 65.

66.     Defendant denies the allegations of paragraph 66 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 66 as to any other defendant.

### FIRST CAUSE OF ACTION

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983)

### (Against ACSO and CFMG)

67.     In response to the allegations of paragraph 67 of plaintiffs' First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

68.     Defendant admits the allegations of paragraph 68 of plaintiffs' First Amended Complaint.

69.     Defendant denies the allegations of paragraph 69.

**3:18-cv-05072-JD**

- 8 -
**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

70.     Defendant admits that it contracted with Alameda County to provided medical care for inmates in the Sant Rita Jail.  Defendant denies the remainder of allegations of paragraph 70 of plaintiffs' First Amended Complaint.

71.     Defendant denies the allegations of paragraph 71.

72.     Defendant denies the allegations of paragraph 72.

73.     Defendant denies the allegations of paragraph 73.

74.     Defendant denies the allegations of paragraph 74 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 74 as to any other defendant.

75.     Defendant denies the allegations of paragraph 75.

76.     Defendant denies the allegations of paragraph 76.

## SECOND CAUSE OF ACTION
## MEDICAL MALPRACTICE)
## (Against CFMG)

77.     Defendant admits it owed a duty of care to plaintiff.  Defendant denies the remainder of the allegations of paragraph 77.

78.     Defendant denies the allegations of paragraph 78 of plaintiffs' First Amended Complaint based on lack of information.

79.     Defendant denies the allegations of paragraph 79.

80.     Defendant denies the allegations of paragraph 80.

81.     Defendant denies the allegations of paragraph 81.

82.     Defendant denies the allegations of paragraph 82.

83.     Defendant denies the allegations of paragraph 83.

84.     Defendant denies the allegations of paragraph 84.

///

///

3:18-cv-05072-JD

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRD CAUSE OF ACTION**

**Intentional Infliction Of Emotional Distress**

**(Against all Defendants)**

85.     In response to the allegations of paragraph 85 of plaintiffs' First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

86.     Defendant denies the allegations of paragraph 86 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 86 as to any other defendant.

87.     Defendant denies the allegations of paragraph 87.

88.     Defendant denies the allegations of paragraph 88.

89.     Defendant denies the allegations of paragraph 89 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 89 as to any other defendant.

90.     Defendant can neither admit nor deny the allegations of paragraph 90 of plaintiffs' First Amended Complaint based on lack of information.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE PER SE**

**(Against ASCO and CFMG)**

91.     In response to the allegations of paragraph 91 of plaintiffs' First Amended Complaint, defendant admits, denies and/or neither admits nor denies the allegations as set forth in the relevant paragraphs above.

92.     Defendant denies the allegations of paragraph 92 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 92 as to any other defendant.

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**

93.     Defendant admits it had a duty to treat pregnant inmates.  Defendant denies the remainder of the allegations of paragraph 93 based on lack of information.

94.     Defendant denies the allegations of paragraph 94 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 94 as to any other defendant.

95.     Defendant denies the allegations of paragraph 95 of plaintiffs' First Amended Complaint as to itself.  Defendant can neither admit nor deny the remainder of the allegations of paragraph 95 as to any other defendant.

96.     Defendant can neither admit nor deny the allegations of paragraph 96 based on lack of information.

## PRAYER FOR RELIEF

In response to the allegations of paragraphs 1 through 3 of plaintiffs' prayer for relief in their First Amended Complaint, Defendant denies all prior allegations and thereby denies that plaintiffs are entitled to the relief sought or any relief as alleged or at all.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As and for first affirmative defense, defendant alleges that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendant is entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

As and for second and separate affirmative defense, defendant alleges that plaintiffs have failed to allege and/or have not stated facts sufficient to show an affirmative link between this answering defendant and the acts which allegedly caused plaintiffs injuries in alleged violation plaintiffs' rights.

///

3:18-cv-05072-JD

- 11 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD AFFIRMATIVE DEFENSE

As and for third and separate affirmative defense, defendant alleges that pursuant to *Government Code* §815, this answering defendant is not liable for any injury, except as otherwise provided by statute.

## FOURTH AFFIRMATIVE DEFENSE

As and for fourth and separate affirmative defense, defendant alleges that this answering defendant is immune from liability pursuant to *Government Code* §820.4.

## FIFTH AFFIRMATIVE DEFENSE

As and for fifth and separate affirmative defense, defendant alleges on information and belief that persons or entities other than this answering defendant were responsible for the damages, if any there were which defendant denies, alleged by plaintiffs. It was this fault or negligence of third parties, and not any act or acts of this answering defendant, which proximately contributed to the damages, if any, suffered by plaintiffs. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As and for sixth and separate affirmative defense, defendant alleges that plaintiffs' action are barred by all applicable *Government Code* immunities including, but not limited to §§ 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

## SEVENTH AFFIRMATIVE DEFENSE

As and for seventh and separate affirmative defense, defendant alleges it is entitled to immunities provided by the *California Business & Professions Code* §2395, 2396 and 2397.

///

///

**3:18-cv-05072-JD**

- 12 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

## EIGHTH AFFIRMATIVE DEFENSE

As and for eighth and separate affirmative defense, defendant is immune from liability by reason of the provisions of the *California Penal Code*, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and *Civil Code* §43.55.

## NINTH AFFIRMATIVE DEFENSE

As and for ninth and separate affirmative defense, all the while denying that plaintiffs have any constitutional claim or right as alleged or at all, further deny that any act or failure to act as alleged or otherwise in contravention of plaintiffs' civil rights occurred, this answering defendant assert that all actions or decisions not to act by this defendant was performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiffs, if in fact plaintiffs' rights were violated which this defendant denies, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, this answering defendant is immune from claims that they violated plaintiffs' alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

## TENTH AFFIRMATIVE DEFENSE

As and for tenth and separate affirmative defense, defendant alleges that plaintiffs have failed to comply with the *Code of Civil Procedure* §425.13(a) with respect to her alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

///

///

3:18-cv-05072-JD

- 13 -
**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ELEVENTH AFFIRMATIVE DEFENSE

As and for eleventh affirmative defense, defendant alleges the Complaint fails to state a claim of liability against defendant, pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658.

## TWELFTH AFFIRMATIVE DEFENSE

As and for twelfth affirmative defense, to the extent the Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for thirteenth and separate affirmative defense, defendant alleges that defendant did not deliberately indifferently adopt, ratify or enforce any custom, practice or policy which deprived the plaintiffs of any federally protected constitutional rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for fourteenth and separate affirmative defense, defendant alleges that plaintiffs did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained by plaintiffs were directly and proximately caused and contributed to by the negligence of said plaintiffs.

///
///

**3:18-cv-05072-JD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for fifteenth and separate affirmative defense, defendant alleges that the Complaint on file herein fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for sixteenth and separate affirmative defense, defendant alleges that plaintiffs acted with full knowledge of all the facts and circumstances surrounding plaintiffs' injuries, and that said matters of which plaintiffs assumed the risk proximately contributed to and proximately caused plaintiffs' injuries, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for seventeenth and separate affirmative defense, defendant alleges that damages for alleged attorney's fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that plaintiff was an inmate during the times of the events alleged as misconduct in this lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for eighteenth and separate affirmative defense, defendant alleges that plaintiffs' claims are barred by the doctrines of qualified and sovereign immunities.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for nineteenth affirmative defense, defendant alleges plaintiffs have waived any and all claims she may have or have had against defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for twentieth affirmative defense, defendant alleges plaintiffs' claims are barred by *California Government Code* §820.2 which provides immunity for discretionary acts of public employees and by *California Government Code* §815.2(b) which bars liability against a public entity from injuries arising from alleged acts or

3:18-cv-05072-JD

- 15 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

omissions of an employee of the public entity where the employee is immune from liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for twenty-first affirmative defense, defendant alleges plaintiffs have engaged in conduct with respect to the activities which are the subject of the Complaint and by reason of said activities and conduct, plaintiffs are stopped from asserting any claim of damages or seeking any other relief against defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for twenty-second affirmative defense, defendant alleges that at all times within the Complaint, defendant acted in good faith, without malice and within their respective scope of the duties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for twenty-third affirmative defense, defendant alleges that by virtue of plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, plaintiffs should be barred from recovering against defendant by the Equitable Doctrine of Unclean Hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for twenty-fourth affirmative defense, defendant alleges that plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, plaintiffs may not recover for losses which could have been prevented by reasonable efforts on her part or by expenditures which might reasonably have been made, and, therefore, plaintiffs' recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

///

///

///

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As and for twenty-fifth affirmative defense, defendant alleges it is not liable for any alleged acts or omissions of its independent contractors, pursuant to *Government Code* §815.4.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As and for twenty-sixth affirmative defense, defendant alleges the injuries and damages of which plaintiffs complain, if any there be, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring plaintiff from recovery against defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As and for twenty-seventh affirmative defense, defendant alleges *Government Code* §818 bars any award of punitive damages sought to be assessed against defendant.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

As and for twenty-eighth and separate affirmative defense, defendant alleges that the action is barred by the appropriate statute of limitations, as set forth in *Code of Civil Procedure* §§340, 340.5, *et seq*.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As and for a twenty-ninth and separate affirmative defense, defendant alleges that in the event this answering defendant is found to be negligent, which is expressly herein denied, this defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiffs pursuant to *California Civil Code* §3333.1.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a health care provider, defendant is entitled to submit evidence of payments to plaintiffs by collateral sources.

///

3:18-cv-05072-JD

- 17 -
**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth and separate affirmative defense, defendant alleges that in the event this answering defendant is found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified in *California Civil Code* §3333.2.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, plaintiffs' cause of action are governed by *California Civil Code* §3333.2, which limits plaintiffs' recovery of non-economic damages to $250,000.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As and for a thirty-first and separate affirmative defense, that in the event this answering defendant is found to be negligent, which is expressly herein denied, this defendant may elect to have future damages, if in excess of the amount specified in *California Code of Civil Procedure* §667.7, paid in whole or in part as specified in *Code of Civil Procedure* §667.7.  This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, defendant is entitled to the provisions of *California Code of Civil Procedure* §667.7.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As and for a thirty-second affirmative defense, defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional as yet unstated defenses available.  Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

///

///

///

3:18-cv-05072-JD

- 18 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

DATED: November 21, 2018          BERTLING LAW GROUP, INC.


                                  */s/  Peter G. Bertling*
                                  Peter G. Bertling
                                  Jemma Parker Saunders
                                  Attorneys for Defendant
                                  CALIFORNIA FORENSIC
                                  MEDICAL GROUP, INC.


## **DEMAND FOR JURY TRIAL**

Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. hereby demands a jury trial of this matter.


Dated: November 21, 2018          BERTLING LAW GROUP, INC.


                                  */s/  Peter G. Bertling*
                                  Peter G. Bertling
                                  Jemma Parker Saunders
                                  Attorneys for Defendant
                                  CALIFORNIA FORENSIC
                                  MEDICAL GROUP, INC.

**3:18-cv-05072-JD**

- 19 -

**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL**